# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BANK OF AMERICA, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-07-595-M |
| | ) |
| W. JEFFREY DASOVICH, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is a "Motion and Brief in Statement in Support of Plaintiff's Motion for Summary Judgment", filed February 13, 2009 [docket no. 40]. On February 24, 2009, defendant State of Oklahoma, *ex rel.* Oklahoma Tax Commission ("Oklahoma Tax Commission") filed its response.[1] As this matter is ripe for adjudication, the Court makes its determination.

Plaintiff commenced this action for foreclosure of the mortgage executed by W. Jeffrey Dasovich and Sally W. Dasovich (collectively "the Dasovichs"). The Dasovichs, as part of a loan transaction, executed and delivered to Capital Federal Savings Bank, a predecessor in interest to plaintiff, a promissory note on February 1, 1985, agreeing to pay the sum of $390,000, with interest thereon at the rate of 6.875% per annum, until paid. In order to secure the payment of the promissory note, the Dasovichs executed and delivered to Capital Federal Savings Bank, a real estate purchase money mortgage as part of the same loan transaction.

The Dasovichs made their mortgage payments for a number of years. However, they eventually fell behind on their mortgage payments and, therefore, became in default. Plaintiff now

---

[1] In its response, the Oklahoma Tax Commission states that it does not object to the entry of judgment in favor of plaintiff so long as judgment entered by the Court accords the proper priority to the state's claims and adjudges that the state is entitled to share in the distribution of any proceeds.

moves for summary judgment on the grounds that no genuine issue as to any material fact remains as to prevent judgment as a matter of law in favor of plaintiff.

Plaintiff asserts that: (1) it has clearly established the prima facie elements of a foreclosure action, (2) defendants may not dispute that payment has not been made under the note and mortgage and (3) defendants are estopped to deny the validity of the mortgage.

The Court file reflects that the Dasovichs have not filed a written response or objection to the motion for summary judgment within the time limits provided. Any motion that is not opposed within eighteen (18) days may, in the discretion of the court, be deemed confessed. LCvR 7.2(f). In the absence of any opposition from the Dasovichs, the Court finds that plaintiff's motion may properly be deemed confessed.

In addition, the Court has considered the substance of plaintiff's motion and finds that it has merit. Because the motion relies on evidence beyond the Complaint, plaintiff asserts that the Court should treat the motion as a Federal Rule Civil Procedure 56 motion for summary judgment. The Dasovichs, having filed no response, have not objected to this procedure, which is authorized by Federal Rule of Civil Procedure 12(d). Since the Dasovichs are aware of plaintiff's position that the motion could be considered as a Rule 56 dispositive motion but did not respond or object, the Court finds it is proper to treat plaintiff's motion as a motion for summary judgment under Rule 56.

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving

party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pacific R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

As they are uncontroverted by the Dasovichs, the Court finds that the statement of undisputed facts submitted by plaintiff should be deemed admitted for purposes of summary judgment. Accordingly, as to the Dasovichs, the following facts are not in dispute:

> 1. On or about the 1st day of February, 1985, the Defendants, W. Jeffrey Dasovich and Sally W. Dasovich, as part of a loan transaction, executed and delivered to Capitol Federal Savings Bank, a certain Promissory Note of that date, promising and agreeing to pay to the holder thereof the sum of $390,000.00, with interest thereon at the rate of 6.8750% per annum, until paid.
>
> 2. On or about the 1st day of February, 1985, the Defendants, W. Jeffrey Dasovich and Sally W. Dasovich, as part of the same loan transaction described in Paragraph 1 above, and to secure the payment of the Note referred to in Paragraph 1 and all of the indebtedness evidenced thereby, executed and delivered to Capitol Federal Savings Bank, a Real Estate Purchase Money Mortgage, a true copy of which was attached to Plaintiff's Petition.
>
> 3. In the Mortgage, the Defendants, W. Jeffrey Dasovich and Sally W. Dasovich, mortgaged to plaintiff the real property which is legally described as:

> Lot Fifteen (15), of Block Five (5), in VAL VERDE WEST, BLOCKS 4 & 5, Oklahoma County, State of Oklahoma, according to the recorded plat thereof a/k/a 12508 Val Verde Drive, Oklahoma City, OK 73120.
>
> 4. Plaintiff is the owner and holder of the Note sued upon, and of the Mortgage which is security therefor. The installment due on the 1st day of December, 2006, and subsequent installments, were not paid by the Defendants, and Plaintiff elected to declare the entire sum due and payable. There remains due and owing on the Note the principal amount of $201,597.82, with interest thereon from the 1st day of November, 2006, at the rate of 6.8750% per annum, as adjusted, if applicable, until paid, plus preservation costs, accrued and accruing, abstracting costs, and sum of $1,577.50 as a reasonable attorney's fee as provided for in said Note and Mortgage, and costs of this action.
>
> 5. The Mortgage securing the payment of said Note was recorded in Book 5280 at Page 1903 of the records of the County Clerk of Oklahoma County, Oklahoma, on the 4th day of February, 1985. The Mortgage is a valid, first, prior, and superior lien against the above-described real property. The rights and interests of all Defendants herein are junior and inferior to the rights of the Plaintiff.
>
> 6. Plaintiff is the present holder of said Note and Mortgage having received due assignment through mesne assignments of record or conveyance via mortgage servicing transfer, said assignment recorded in the office of the County Clerk of said County in Book 10730 at Page 1585.
>
> 7. The Note and Mortgage are in full force and effect. As said Note and Mortgage are in default, Plaintiff is entitled to judgment against the Defendants, W. Jeffrey Dasovich a/k/a William Jeffrey Dasovich and Sally W. Dasovich a/k/a Sally Whitney Dasovich, husband and wife, Occupants of the Premises; State of Oklahoma, ex rel. Oklahoma Tax Commission; United States of America, ex rel. Internal Revenue Service; Jeff Beeler, and judgment against all other parties to this action as prayed for in Plaintiff's Petition, foreclosing Plaintiff's Mortgage.

Having carefully reviewed plaintiff's motion for summary judgment, as well as the court file, and viewing the evidence in the light most favorable to defendants, the Court finds that there is no material issue of fact for trial and that plaintiff is entitled to judgment as a matter of law.

Specifically, the Court finds that the Mortgage is a valid, first, prior, and superior lien against the mortgaged property as described above.  Additionally, the Court finds that the Dasovichs have not fully performed their obligations under the Promissory Note and Mortgage and that plaintiff is, therefore, entitled to foreclose on the property.  Finally, the Court finds that the rights and interests of all defendants herein are junior and inferior to the rights of plaintiff.

Accordingly, for the reasons set forth above, the Court GRANTS plaintiff's motion for summary judgment.  A separate judgment will be entered forthwith.

**IT IS SO ORDERED this 19th day of March, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE